IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>HEATHER ANN SMITH,<br><br>Defendant. | Case No. CR09-0050<br><br>ORDER FOR PRETRIAL DETENTION |

On the 20th day of August, 2009, this matter came on for hearing on the Government's request to have the Defendant detained prior to trial. The Government was represented by Assistant United States Attorney Patrick J. Reinert. The Defendant appeared personally and was represented by her attorney, James Bryson Clements.

### RELEVANT FACTS

On July 22, 2009, Defendant Heather Ann Smith was charged by Indictment (docket number 3) with conspiracy to distribute methamphetamine, distribution of methamphetamine, possessing with intent to distribute methamphetamine, and distribution of pseudoephedrine. Defendant entered a plea of not guilty and trial is scheduled before Chief Judge Linda R. Reade on October 13, 2009.

The Government did not offer any evidence at the time of hearing, instead relying on the information set forth in the pretrial services report. According to the report, Defendant is 22 years old, unmarried, and has no children. Apparently, Defendant has not had a stable residence for past several years. Immediately prior to her arrest, Defendant was residing in an apartment in Cedar Rapids with a friend, Joanne Smith (no relation), who is currently a resident at the Gerald Hinzman Center. Smith periodically furloughs to the residence, however, and therefore Defendant cannot reside with her.

1

Defendant's mother and grandmother live in Waterloo, but her mother is currently on probation and her probation officer told the pretrial services officer that Defendant would not be allowed to live with her mother. Defendant's sister lives in Dodge City, Kansas, but her sister's boyfriend has convictions for possession of marijuana and carrying weapons and, therefore, that would not be an appropriate residence for Defendant. At the time of hearing, Defendant's counsel proffered evidence that Defendant could live with her 19-year-old brother (Kyle) in Marion. Kyle is unemployed and lives with his girlfriend, who has an OWI conviction. The probation office investigated the availability of space at the Gerald Hinzman Center in Cedar Rapids, but was informed that no beds were available until September or October, 2009.

Defendant stopped going to high school in the 11th grade. Defendant does not have stable employment, but reported to the pretrial services officer that she has worked recently as a babysitter. (The pretrial services officer expressed concern regarding Defendant's ability to work as a babysitter given her regular use of methamphetamine.) Prior to that, Defendant worked for seven months at B & H Factory Outlet in Cedar Rapids.

Defendant reported using marijuana on a "recreational" basis since age 16. She smokes marijuana approximately once a week. Defendant also told the pretrial services officer that she has used methamphetamine since she was 18 years old. She admitted using methamphetamine twice a week, with her last use being two days prior to her arrest on the instant federal charges. Defendant was ordered to participate in drug treatment as a consequence of being placed on probation in state court, but acknowledged that she has not been attending the sessions on a regular basis.

In April 2008, Defendant was charged with "disorderly house." She initially failed to appear and a warrant was issued, but the report indicates that she appeared on the following day and received a $65 fine. Approximately three months later, Defendant was charged with two counts of possession of a controlled substance. She pleaded guilty to the

second count and received a deferred judgment in November 2008. In July 2009, a report was filed alleging a violation of probation, and that alleged violation remains pending.

## DISCUSSION

The release or detention of a defendant pending trial is governed by the Bail Reform Act of 1984, 18 U.S.C. § 3142. In *United States v. Salerno*, 481 U.S. 739 (1987), the United States Supreme Court upheld the constitutionality of the Bail Reform Act of 1984, while noting that "[i]n our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." *Id.* at 755.

If the government moves to have a defendant detained prior to trial, the court must undertake a two-step inquiry. *United States v. Friedman*, 837 F.2d 48, 49 (2d Cir. 1988). It must first determine by a preponderance of the evidence whether defendant has been charged with a certain type of offense listed in 18 U.S.C. § 3142(f)(1), or that the defendant presents certain risk factors, as identified in § 3142(f)(2). *Id.* Once this determination has been made, the court then determines whether any condition or combination of conditions will reasonably assure the defendant's appearance at trial and the safety of the community. *Id.*

In seven enumerated circumstances, a judicial officer must hold a hearing to determine whether any release condition or combination of release conditions will reasonably assure the appearance of defendant as required and the safety of the community. 18 U.S.C. § 3142(f). The first five enumerated circumstances refer to "offense types," such as crimes of violence, serious drug offenses, and felonies involving minor victims. 18 U.S.C. § 3142(f)(1). The last two enumerated circumstances where a hearing is required involve "risk factors." 18 U.S.C. § 3142(f)(2). In this case, Defendant is charged with conspiring to distribute methamphetamine, distributing methamphetamine, possessing with the intent to distribute methamphetamine, and distributing pseudoephedrine, which are offenses found in § 3142(f)(1).

If, following a hearing, "the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety

of any other person and the community," then the judicial officer must order the defendant detained pending the trial. 18 U.S.C. § 3142(e). A finding that no condition or combination of conditions will reasonably assure the safety of the community must be supported by clear and convincing evidence. 18 U.S.C. § 3142(f). A finding that no condition or combination of conditions will reasonably assure the defendant's appearance, however, must only be established by a preponderance of the evidence. *United States v. Orta*, 760 F.2d 887, 891 (8th Cir. 1985). "Perhaps counter-intuitively, the government's evidentiary burden is lesser to prove a flight risk than to prove risk of harm." *United States v. Kisling*, 334 F.3d 734, 735, n.3 (8th Cir. 2003) (citing *Orta*).

In determining whether any condition of combination of conditions will reasonably assure the defendant's appearance as required and the safety of the community, the Court must take into account the available information concerning (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant, including (a) the defendant's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings, and (b) whether, at the time of the current offense or arrest, the defendant was on probation, parole, or other pretrial release; and (4) the nature and seriousness of the danger to the community that would be posed by the defendant's release. 18 U.S.C. § 3142(g). *See also United States v. Abad*, 350 F.3d 793, 797 (8th Cir. 2003).

Turning to the facts in the instant action, Defendant is charged with conspiring to distribute methamphetamine, distributing methamphetamine, possessing with the intent to distribute methamphetamine, and distributing pseudoephedrine. The Government did not offer any evidence at the time of hearing and, therefore, the Court is unable to determine "the weight of the evidence." Defendant does not have a job or a stable residence. Despite being on probation for a state drug charge, Defendant continues to use marijuana and methamphetamine. In addition, Defendant was on probation during a portion of the

4

time that the alleged conspiracy set forth in Count 1 took place. Defendant continued to use drugs while on probation, and failed to attend court-ordered drug treatment. The Court has no confidence that Defendant would comply with any terms or conditions which the Court may impose for her release.

If the Court finds there is probable cause to believe that the person committed an offense for which a maximum term of imprisonment of ten years or more is prescribed by the Controlled Substances Act, 21 U.S.C. § 801 *et seq.*, then there is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community. The return of an Indictment by a Grand Jury is sufficient to support a finding by the Court that there is probable cause to believe that the Defendant committed the offense identified in the Indictment. *United States v. Payne*, 660 F. Supp. 288, 291 (E.D. Mo. 1987). In a "presumption case," the defendant bears a limited burden of production--not a burden of persuasion--to rebut the presumption by coming forward with evidence he does not pose a danger to the community or a risk of flight. *Abad*, 350 F.3d at 797 (citing *United States v. Mercedes*, 254 F.3d 433, 436 (2d Cir. 2001)). Once the defendant has met his burden of production relating to these two factors, the presumption favoring detention does not disappear entirely, but remains a factor to be considered among those weighed by the court. *Id. See also United States v. Jessup*, 757 F.2d 378, 382-84 (1st Cir. 1985).

Based on the legal standards set forth above, and considering the evidentiary factors found in 18 U.S.C. § 3142(g), the Court finds by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of the community if Defendant is released. Therefore, pursuant to 18 U.S.C. § 3142(e), the Court concludes that Defendant should be detained prior to trial. Defendant was advised in open court of his right to file a motion with the District Court for revocation or amendment of this Order.

## ORDER

IT IS THEREFORE ORDERED as follows:

1. The Defendant is committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

2. The Defendant shall be afforded reasonable opportunity for private consultation with counsel.

3. On order of a Court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the Defendant is confined shall deliver the Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

4. The time from the Government's oral motion to detain (August 13, 2009) to the filing of this Ruling (August 20, 2009) shall be excluded in computing the time within which the trial must commence pursuant to the Speedy Trial Act. 18 U.S.C. § 3161(h)(1)(F).

DATED this 20th day of August, 2009.

_____
JON STUART SCOLES
UNITED STATES MAGISTRATE JUDGE
NORTHERN DISTRICT OF IOWA